UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELVIN WILLIAMS,

    Petitioner,

-vs-                                            Case No.  8:18-cv-550-T-02AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

    Mr. Williams, a Florida prisoner, initiated this action by filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1) in which he challenges convictions for burglary of a dwelling and providing false information to a pawnbroker. He was sentenced to 15 years in prison for the burglary and 5 years in prison (consecutive to the burglary sentence) for providing false information to a pawnbroker (Doc. 10, Exhibit 36). In his petition, Mr. Williams asserts one ground for relief: his defense attorney was ineffective in failing to communicate the State's plea offer of 5 years in prison before the offer was withdrawn. He contends that he would have accepted that offer had it been timely communicated to him.

    Respondent contends that Mr. Williams' ground for relief is procedurally barred from review because it was not properly exhausted in the state courts (Doc. 8, pp. 15-21). Mr. Williams concedes that he did not properly raise this ground in the state courts (Doc. 1, p.3). He argues, however, that any procedural default should be excused under *Martinez v. Ryan*, 556 U.S. 1 (2012).

    In *Martinez*, the Supreme Court held that:

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a

1

federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel....

*Id.*, 566 U.S. at 17. Mr. Williams was not provided post-conviction counsel in state court. Respondent argues that despite Mr. Williams' lack of counsel during the state initial-review collateral proceeding, his ineffective assistance of trial counsel claim remains procedurally barred because it is not "substantial."

Mr. Williams alleges that the State offered him 5 years in prison, which he would have accepted had counsel informed him of the offer before it was withdrawn. Accepting the veracity of that sworn allegation, counsel likely would have been deficient in failing to advise Mr. Williams of the plea offer before it was withdrawn. *See, e.g., Missouri v. Frye*, 566 U.S. 134 (2012) (finding counsel was deficient in failing to communicate to defendant prosecutor's written plea offer before it expired).[1] Moreover, Mr. Williams has adequately alleged that prejudice resulted from counsel's failure to communicate the plea offer, namely that he would have accepted the offer because the State's evidence of his guilt was substantial, and he would have received a lesser sentence. The Court therefore concludes that Mr. Williams has alleged sufficient facts to preliminarily establish that his ground for relief is substantial. *See Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014) (when considering whether a claim is substantial, it is necessary to "examine the allegations in [the] § 2254 petition to see whether 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.' In making this determination, [the court] consider[s] the fact-pleading requirement for § 2254

---

[1] Contrary to Mr. Williams' allegations, former counsel submitted an affidavit in which she attests that "there was NEVER an offer of 5 years. . . ." (Doc. 19-2, Exhibit 2) (emphasis in original). Because that statement cannot be reconciled with Mr. Williams' sworn allegation that he and former counsel had a conversation at trial during which former counsel informed him that the State had extended an offer of 5 years in prison in exchange for a guilty plea (see Docs. 1, 21), an evidentiary hearing on the matter is necessary. *See Bolton v. United States*, 221 Fed. Appx. 880, 882 (11th Cir. 2007) (explaining that where "warring affidavits" cannot be reconciled, a district court must conduct an evidentiary hearing to resolve whether the movant is entitled to an out-of-time appeal); *Marshall v. United States*, 2018 WL 3199462, at *2 (M.D. Ala. June 29, 2018) ("Ordinarily, when a habeas petitioner and his counsel have filed conflicting, nonconclusory affidavits that create a credibility issue for determination, an evidentiary hearing is appropriate to resolve the conflict.") (citing *Blackledge v.*

petitions, and the standard from *Strickland*."). Accordingly, an evidentiary hearing will be held on Mr. Williams' claim to determine if it is in fact substantial. *See, e.g., Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. 2014) ("The petitioner is also entitled to present evidence to demonstrate that there is 'prejudice,' that is that petitioner's claim is 'substantial' under *Martinez*. Therefore, a district court may take evidence to the extent necessary to determine whether the petitioner's claim of ineffective assistance of trial counsel is substantial under *Martinez*.").

It is therefore **ORDERED** that:

1. The Court will hold an evidentiary hearing on Mr. Williams' ground that counsel rendered ineffective assistance in failing to communicate a 5-year plea offer. The hearing will be scheduled by separate order.

2. United States Magistrate Judge Anthony E. Porcelli is directed to appoint counsel on behalf of Mr. Williams pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Court.

**DONE AND ORDERED** in Tampa, Florida on January 27, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to: Melvin Williams, *pro se;* Counsel of Record

---

*Allison*, 431 U.S. 63, 82 n.25 (1977) ("When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive, but that is not to say they may not be helpful." (citation and internal quotation marks omitted) )).