## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MELVIN WILLIAMS,

                 Petitioner,

v.                             Case No: 8:18-cv-550-WFJ-AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et. al.

                 Respondents.

_____/

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

This matter comes before the Court upon Petitioner Melvin Williams's

Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("petition"), Dkt. 1.

Petitioner was convicted of burglary of a dwelling and providing false information

to a pawnbroker at his April 2009 jury trial, and his original sentencing took place

on July 2, 2009. *Id.* at 1. Petitioner was re-sentenced in the Thirteenth Judicial

Circuit of Florida (Hillsborough County) on August 21, 2017 and is currently

serving a twenty-year sentence. *Id.* Respondents filed a response to the petition on

the merits, Dkt. 8, in which they concede the petition's timeliness. Dkt. 8 at 10.

The Court held an evidentiary hearing, and the parties submitted written closing

arguments, Dkts. 50 & 51. After carefully considering the parties' filings, the

relevant trial records, and the testimony from the evidentiary hearing, this Court

denies the petition.

The petition alleges only one ground: ineffective assistance of counsel.  Dkt. 1 at 3.  Petitioner acknowledges that he has not properly exhausted this one ground presented.  *Id.*  However, he asserts that he can establish cause for a procedural default under *Martinez v. Ryan*, 566 U.S. 1 (2012).  Dkt. 1 at 3.  Under *Martinez*, in addition to establishing cause for a default, a prisoner must also demonstrate that the underlying ineffective assistance of counsel claim is substantial, meaning that the claim has some merit.  566 U.S. at 14.  Here, there is an extensive history of postconviction litigation, mostly involving Petitioner proceeding *pro se*.  The postconviction litigation is multiplex and meandering, *see* Dkt. 49-6, but none of it is relevant to the instant petition.  Because the petition is simple and asserts one ground, and given the very prolix and winding procedural path this case has taken since 2009, the Court preferred to consider Petitioner's claim on the merits rather than navigate through a contested issue of exhaustion under *Martinez*.

The undersigned held an evidentiary hearing and heard testimony from Petitioner and the attorney who represented him at the subject trial.  At this hearing, Petitioner was ably represented by appointed counsel.  Petitioner testified and was permitted to introduce any evidence in support of his burden.  Regarding the charges of burglary of a dwelling and providing false information to a pawnbroker, Petitioner contends that the State's case against him was strong and

any defense was "futile."  Dkt. 1 at 3.  Despite this, Petitioner went to trial.  He asserts that his trial counsel was ineffective because she failed to relate to him a plea offer made by the State for five years of incarceration.  *Id.*  At the hearing, Petitioner testified that his trial attorney did not inform him of this plea offer until mid-trial, at which time she allegedly told Petitioner it was too late to pursue this favorable offer.  Petitioner insists that had his counsel relayed this offer to him, he would have accepted it immediately because the case against him was strong.  *Id.* While Petitioner has sporadically claimed the existence of a five-year plea offer in the various proceedings below, Petitioner's trial counsel maintains that no five-year plea offer was ever made in this case.

Evidence of plea offers in the trial record shows that the first offer was made in January 2009, three months before Petitioner's trial.  Dkt. 49-1 at 7. Specifically, on January 22, 2009, the prosecutor stated on that record that the State's plea offer was for fifteen years in custody and noted that the offer would expire the following week.  *Id.*  The trial judge asked Petitioner whether he understood this fifteen-year offer.  *Id.*  Petitioner stated, "I want to take it to trial.  I ain't going to take that.  I'll take it to trial."  *Id.*  The trial judge thereupon stated, "All right.  That's fine."  *Id.* at 8.

The only other evidence of a plea offer in this record is that of a ten-year

3

offer made immediately before trial in April 2009.[1]  Dkt. 49-4 at 9, 11−12.  This

pretrial offer, which covered four separate cases brought against Petitioner, was for

ten years in custody as a habitual felony offender.  *Id.* at 9.  When the trial judge

addressed this offer at a pretrial hearing, Petitioner rejected it, stating, "Sir, your

Honor, sir, I ain't do no burglary, so I'm going to reject that offer[.]  I didn't do no

burglaries[.]  I admit that I pawned some stuff, but other than that, I didn't do no

burglary."  *Id.* at 10−11.  The trial judge responded, "Okay.  Very good.  The offer

has been rejected[.]"  *Id.* at 11.   Regarding this testimony, the Court again notes

that Petitioner states in his present petition that any defense to the burglary charge

was futile given the State's case against him.  Dkt. 1 at 3.

These trial transcripts, memorializing an initial fifteen-year offer followed

by a ten-year offer just before trial, are consistent with the testimony of Petitioner's

trial counsel at the evidentiary hearing held before this Court.  Petitioner's trial

attorney testified at the hearing that the State never made a five-year offer to her

client.  She presented as the consummate professional at this hearing.  Her

testimony was credible and not only consistent with the limited record here but

with both her prior practices and the practices of the Public Defender of the

---

[1] This ten-year offer was memorialized on the record on Wednesday, April 15, 2009.  Dkt. 49-4
at 1, 9.  The trial began on Friday, April 17, 2009, and the adverse verdict was returned Monday,
April 20, 2009.  Dkt. 49-6 at 7.

Thirteenth Judicial Circuit.[2]  In contrast, Petitioner's testimony lacked credibility and finds no support in the record.  Petitioner's testimony was also contrary to how, based on the undersigned's personal experience, matters are run in the Thirteenth Judicial Circuit.

The Court observed the demeanor and relative credibility of the two witnesses on the stand and considered their testimony in light of the evidence in this case.  The Court is firmly convinced that no five-year plea offer was ever made, and Petitioner's trial lawyer did not fail to transmit such an offer.  The Court bases this determination on both its credibility findings from the evidentiary hearing, where testimony was taken in open court before the undersigned, and upon the limited portions of the record that touch on this issue.

Given this finding, the Court need not delve deeply into the familiar law of *Strickland v. Washington*, 466 U.S. 668 (1984).  Under that analysis, a petitioner must prove: (1) that his attorney performed deficiently, meaning that the attorney made errors so serious that he or she was not acting as the "counsel" constitutionally guaranteed to the defendant, and (2) that the deficient performance reasonably undermined confidence in the outcome, i.e., caused substantial prejudice.  *Id.* at 687.  Here, the alleged defalcation never happened.  Petitioner has

---

[2] A records custodian from the Public Defender's Office testified by affidavit that Petitioner's case file contained no evidence of a five-year plea offer.  Dkt. 19-2 at 2.

established neither prong of *Strickland*.  Likewise, given that the merits of

Petitioner's claim are nil, there is no substantial claim to consider under the

exhaustion rubric of *Martinez*, 566 U.S. at 13−14.

    Accordingly:

    1. The Petition for Writ of Habeas Corpus, Dkt. 1, is **DENIED**.

    2. The Clerk must enter judgment against Petitioner and close this case.

    3. This Court should grant an application for a certificate of appealability[3]

only if Petitioner makes "a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2).  He cannot make this showing.  A certificate of

appealability is therefore **DENIED** in this case.  Because Petitioner is not entitled

to a certificate of appealability, he is not entitled to proceed on appeal *in forma

pauperis*.

    **DONE AND ORDERED** at Tampa, Florida, on November 12, 2021.


*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**


**COPIES FURNISHED TO:**
Counsel of Record

---

[3] Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a habeas corpus proceeding.

6